IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RAYMOND COURNOYER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WESTON FISCHER, ELI KUHLMAN, AND UNDETERMINED NUMBER OF JOHN DOES,<br><br>　　　　　Defendants. | **COMPLAINT**<br>**-AND-**<br>**DEMAND FOR JURY TRIAL**<br><br>4:18-cv-4114 |

## JURISDICTION AND VENUE

1. This action arises under Title 42 of the United States Code, §§1983 and 1988. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, §§1331 and 1343. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. §1367.

2. Venue is proper in the District of South Dakota pursuant to 28 U.S.C. §1391(b) because the events or omissions giving rise to the claim alleged herein occurred in the County of Charles Mix, South Dakota, which is within the Southern Division of this judicial district.

3. Plaintiff mailed to the Office of the South Dakota Attorney General, the Commissioner of the South Dakota Bureau of Administration, and the City of Wagner Finance Officer a "Notice of Claim" within 180 days of the injury claimed herein, pursuant to SDCL 3-21-2, *et. seq.*

## PARTIES

4. Plaintiff Raymond Cournoyer is and was at all times herein mentioned a citizen of the United States, a registered member of the Yankton Sioux Tribe / Ihanktonwan Nation, and resides in Charles Mix County, South Dakota.

5. The Defendant, Weston Fischer, is and was at all time relevant hereto employed by the South Dakota Highway Patrol as a highway patrolman.

6. The Defendant, Eli Kuhlman is and was at all relevant times hereto employed by the City of Wagner as a police officer in the Wagner Police Department.

7. An unknown number of other defendants, listed herein as "John Does" were employed by the City of Wagner as police officers in the Wagner Police Department.

## PRELIMINARY ALLEGATIONS

8. Defendant Weston Kuhlman is sued in his individual capacity under Title 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth Amendment of the United States Constitution and, pursuant to the Court's jurisdiction under 28 U.S.C. §1367, for battery resulting in bodily injury under South Dakota law.

9. Defendant Eli Kuhlman is sued in his individual capacity under Title 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth Amendment of the United States Constitution and, pursuant to the Court's jurisdiction under 28 U.S.C. §1367, for battery resulting in bodily injury under South Dakota law.

10. Defendants John Does are sued in their individual capacity under Title 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth Amendment of the United States

Constitution and, pursuant to the Court's jurisdiction under 28 U.S.C. § 1367, for battery resulting in bodily injury under South Dakota law.

11. Plaintiff alleges that the conduct of each defendant while arresting or seizing Plaintiff deprived Plaintiff of his constitutional right to be free from unreasonable, excessive force under the Fourth Amendment to the United States Constitution, and caused Plaintiff to suffer grievous harm and physical injuries.

12. Each Defendant caused and is responsible for the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, or by authorizing, acquiescing, condoning, acting, omitting, or failing to take action to prevent the unlawful conduct.

13. Whenever and wherever reference is made in this Complaint to any act by Defendants, each Defendant was the agent of the others, was acting within the course and scope of this agency, and all acts alleged to have been committed by any one of them shall be deemed to mean the acts and failures of each Defendant individually, jointly, or severally.

## STATEMENT OF FACTS

14. On or about September 16, 2017, at approximately 12:00 a.m., Plaintiff Raymond Cournoyer received a phone call from the Good Samaritan Society nursing home in Wagner, South Dakota, at which Raymond's mother was a resident.

15. Raymond was told that his mother was close to passing away and that he should travel to the nursing home as soon as possible in order to see her.

16. Raymond lived approximately seven miles outside of Wagner.

17. Raymond rushed to his vehicle and drove into Wagner. Raymond admits that he was speeding, as he was rushing to see his mother before it was too late.

18. As Raymond approached the Wagner city limits, he saw a South Dakota Highway Patrol car occupied by Defendant Weston Fischer by the side of the road.

19. The patrol car turned to follow Raymond, flashing its emergency lights.

20. Raymond continued to the nursing home and pulled into its parking lot.

21. Fischer followed Raymond into the parking lot and exited his car.

22. Raymond exited his car, and told Fischer that he was in a hurry to see his mother before she passed away.

23. Raymond was at all times relevant hereto unarmed and nonthreatening.

24. Raymond turned to go into the nursing home. Fischer forcibly grabbed Raymond and shoved him chest first into Raymond's car.

25. Defendant Eli Kuhlman and an undetermined number of Wagner police officers, referred to herein as Defendants John Does, arrived.

26. Defendants shoved Raymond face first onto the ground of the concrete parking lot. Raymond's face hit the ground, causing serious injury.

27. Raymond was not fleeing, resisting, or obstructing Defendants when he was shoved to the ground.

28. Defendants handcuffed Raymond, either before or after he was shoved to the ground.

29. While Raymond lay subdued face down on the ground Defendants tased him, causing extreme pain to Raymond.

30. Raymond was not fleeing, resisting, or obstructing Defendants when he was tased.

31. Defendants detained Raymond at the scene and was not allowed to visit his mother, who passed away while he was held by Defendants.

32. Raymond was finally released by Defendants after approximately one hour and went to the Wagner Community Medical Hospital, where he was treated for his injuries.

33. Raymond suffered injury to his face and head, right shoulder, and knee from being thrown to the ground and tased. Raymond suffered injury to his left shoulder from being handcuffed.

## **COUNT I**

### *VIOLATION OF PLAINTIFF'S CIVIL RIGHTS*

34. Plaintiff hereby realleges the preceding paragraphs of this Complaint and hereby incorporate them as if fully set forth herein.

35. As set forth above, Plaintiff was deprived of his rights by all individual defendants, acting under color of law of the United States and the State of South Dakota and Wagner, South Dakota, which rights include, but are not limited to, privileges and immunities secured to Plaintiff by the Constitution and laws of the United States.

36. By reason of the aforementioned acts, these Defendants, individually and collectively, under color of law of the United States and the State of South Dakota and the City of Wagner, South Dakota, have violated the constitutional rights and liberty interests of Plaintiff, including those guaranteed by the Fourth Amendment to the United States Constitution, including the Fourth Amendment's prohibition against infliction of unreasonable, excessive force while in the course of detaining Plaintiff.

37. As a legal cause of Defendants' conduct, acts and / or inactions, Plaintiff was deprived of his constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. Defendants' conduct resulted in the Plaintiff suffering pre-injury and post-injury fright, shock, severe emotional distress, and conscious pain and suffering, as well as medical expenses, all in violation of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendment to the United States Constitution.

## COUNT 2

### *BATTERY*

38. Plaintiff hereby realleges the preceding paragraphs of this Complaint and hereby incorporate them as if fully set forth herein.

39. Defendants, collectively and individually, intentionally caused harm or offensive physical contact upon Plaintiff without Plaintiff's consent.

40. As a legal cause of Defendants' conduct, acts and / or inactions, Plaintiff suffered pre-injury and post-injury fright, shock, severe emotional distress, and conscious pain and suffering, as well as medical expenses.

WHEREFORE**,** Plaintiff respectfully prays for damages against the Defendant as follows:

1. For Plaintiff's general and special damages in an amount the jury deems just to compensate the Plaintiff for all injuries and damages sustained as a result of the conduct of Defendants described above;

2. For punitive damages due to each individual Defendant's reckless indifference for the rights of Plaintiff or Defendants' malicious conduct described above.

3. As Plaintiff found it necessary to engage in the services of counsel to vindicate his rights, for all attorneys' fees incurred in relation to this action pursuant to 42 U.S.C. 1988.

4. For Plaintiff's costs and disbursements;

5. For pre-judgment and post-judgment interest; and

6. For such other and further relief as the Court determines to be just and proper under the circumstances.

Dated this __14th__ day of September, 2018.

**HEIDEPRIEM, PURTELL SIEGEL & OLIVIER, L.L.P.**

BY_____
John R. Hinrichs (SD Bar No. 3166)
101 West 69th Street, Suite 105
Sioux Falls, SD 57108
Ph: (605) 679-4470
Fax: (605) 679-4379
Email: john@hpslawfirm.com

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

_____
John R. Hinrichs